Thomas R. Stain was convicted for the capital murder of Elmer Eugene Bailey III, and sentenced to death. That conviction must be reversed.
Stain allegedly shot Bailey on the night of May 30, 1983, inside the Double Feature Bar in Mobile County. No one saw the shooting and the evidence against Stain was entirely circumstantial. Immediately after the shooting, Stain and his companion, Michael Coffee, returned to their fishing boat and navigated into the Gulf of Mexico where they fished and drank for several days. Coffee testified that both he and Stain were drinking heavily. Coffee stated that, at some point while they were in the Gulf, Stain said, "I'm sorry I got you involved in this . . . . don't worry about it, I'll clear you." Later, Stain said, "I think I'm in trouble. I think I might have shot somebody."
Coffee's testimony was, by far, the most incriminating and damaging evidence the prosecution had against Stain. The State's case against Stain dangled on a few slender threads of circumstantial evidence.
Stain did not testify at trial.
In his closing argument to the jury, the District Attorney stated:
 "I told you that once out in the Gulf during this odyssey with Michael Coffee, Stain made the statement: I think I killed somebody. No one, including the defense, refutes the proposition that that statement was made. It is in fact in evidence."
Later, in his argument, the prosecutor repeated this comment:
 "And the bottom line is, and again, it's uncontroverted, that this man said, I think I killed somebody. And I don't think there's enough booze in the world that would eradicate murder from a man's memory. And again, the statement was never challenged."
We find this case to be virtually identical to Williams v.State, 461 So.2d 834, 843 (Ala.Cr.App. 1983), reversed, Exparte Williams, 461 So.2d 852 (Ala. 1984), also a capital case. There, the prosecutor argued, "But there's no testimony that he [defendant Williams] was coerced into making a statement about something he didn't do. . . . There's no evidence presented on the stand that Danny Ray Williams made a statement for something he didn't do." In that case, as here, there was no objection. 461 So.2d at 843. This Court held that this comment went to the strength of the State's case and did not violate the established rule that "a statement by a prosecuting attorney to the effect that the evidence for the state is uncontradicted or undenied is not a comment on the defendant's failure to testify unless the defendant himself is the only one who can contradict or deny the evidence." Williams, 461 So.2d at 843. This rule is well recognized and scrupulously upheld in this state. Whitt v. State, 370 So.2d 736 (Ala. 1979); Beecherv. State, 294 Ala. 674, 320 So.2d 727 (Ala. 1975); Warren v.State, 292 Ala. 71, 288 So.2d 826 (1973); Vickery v. State,408 So.2d 182 (Ala.Cr.App. 1981).
However, the Alabama Supreme Court disagreed and held that the comment was improper and constituted reversible error.
 "Similarly, in this case, probably the only person the jury could have expected to rebut the State's evidence that the confession was not coerced was the defendant. The prosecutor mentioned the defendant by name and said that no evidence had been presented on the stand to indicate that the confession had been coerced. Though by an indirect reference, the prosecutor did virtually identify the defendant as the person who did not take the stand. To say that the comment by the prosecutor was merely a remark that the defendant had not called someone other than himself to the stand to testify that his confession was coerced is also `beyond our reach.'" Ex parte Williams, 461 So.2d at 854. *Page 818 
We are unable to distinguish this case from Williams.
Consequently, we have no alternative but to reverse the judgment of the circuit court and remand this cause for a new trial.
Our reversal on this one issue should not be construed as an implied finding that all of the other issues raised on appeal are without merit. We especially note that the trial court, in fixing Stain's sentence at death, failed to "enter written findings of facts summarizing the crime and the defendant's participation in it" as required by Alabama Code 1975, §13A-5-47 (d).
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.