ON RETURN TO REMAND
The appellant, Charles Randall Stewart, was convicted of murder, made capital because it was committed during the course of a burglary and a kidnapping. The jury, in a vote of 10 to 2, recommended the death penalty. The trial court accepted the jury's recommendation and sentenced the appellant to death by electrocution. *Page 121 
 I
The appellant was convicted on six counts of capital murder; four counts of murder during the course of a burglary and two counts of murder during the course of a kidnapping. This case was remanded for the trial court to vacate three of the appellant's convictions for murder during the course of a burglary and one conviction for murder during the course of a kidnapping. §§ 13A-5-40(a)(1) and 13A-5-40(a)(4), Code of Alabama 1975; Stewart v. State, 601 So.2d 491
(Ala.Cr.App. 1992). The trial court has complied with our directions and has vacated four of the convictions for capital murder.
For the reasons stated in our original opinion, we hold that the principles of double jeopardy are not violated when an appellant is found guilty of two counts of capital murder arising out of one killing. Stewart; Jackson v. State,516 So.2d 726 (Ala.Cr.App. 1985). The evidence in this case supported a verdict of guilty of murder during the course of a burglary and of murder during the course of a kidnapping.
 "Appellant was properly indicted and convicted for two separate and distinct capital offenses 'notwithstanding a substantial overlap in the proof offered to establish the crimes,' Iannelli v. United States, 420 U.S. 770, 785, n. 17, 95 S.Ct. 1284, 1293, n. 17, 43 L.Ed.2d 616
(1975)."
Jackson, 516 So.2d at 763.
 II
We further remanded this case for the trial court to determine whether the wife of one of the jurors had served on the grand jury that indicted the appellant. After a hearing, the trial court found that a juror's wife did sit on the grand jury that indicted the appellant, but that the juror did not have any knowledge of the facts surrounding the case and was not told anything about the case from his wife. There was nothing presented at the hearing to show that the juror's impartiality was affected in any way. The court's findings are supported by the record of the hearing.
Because there is no statutory reason for striking this juror, an "absolute bias" on the part of the juror must be shown.Jenkins v. State, 627 So.2d 1034 (Ala.Cr.App. 1992). No absolute bias was established here.
 III
Last, as required by § 13A-5-53, Code of Alabama 1975, we address the propriety of the appellant's conviction and his sentence of death by electrocution. The appellant was indicted and convicted of two counts of capital murder as defined in §§13A-5-40(a)(1) and (4), Code of Alabama 1975, i.e., murder during the commission of a kidnapping and murder during the commission of a burglary.
The record reflects that the appellant's sentence was not imposed under the influence of passion, prejudice, or any other arbitrary factor. § 13A-5-53(b)(1), Code of Alabama 1975.
The trial court correctly found that the aggravating circumstances outweighed the mitigating circumstances. The trial court found as aggravating circumstances that the murder was committed during the course of a kidnapping and a burglary, § 13A-5-49(4), and that the appellant had a prior felony conviction involving the use or threat of violence to a person, § 13A-5-49(2). The trial court found no statutory mitigating circumstances and no nonstatutory mitigating circumstances. §13A-5-51, Code of Alabama 1975. We agree with the court's findings.
This court, as required by § 13A-5-53(b)(2), has independently weighed the aggravating and mitigating circumstances to determine whether the appellant's sentence to death is appropriate. We are convinced that the appellant's sentence to death is appropriate in the present case and that the aggravating circumstances outweigh the mitigating circumstances.
This court, according to § 13A-5-53(b)(3), Code of Alabama 1975, must also determine whether the appellant's sentence is disproportionate or excessive when compared to the penalties imposed in similar cases. The appellant's sentence to death is neither. Jenkins v. State, 627 So.2d 1034 (Ala.Cr.App. 1992);White v. State, *Page 122 587 So.2d 1218 (Ala.Cr.App. 1990), aff'd, 587 So.2d 1236 (Ala. 1991);Thompson v. State, 542 So.2d 1286 (Ala.Cr.App. 1988), aff'd,542 So.2d 1300 (Ala. 1989); Grayson v. State, 479 So.2d 69
(Ala.Cr.App. 1984), aff'd, 479 So.2d 76 (Ala.), cert. denied,474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985).
Finally, as required by Rule 45A, A.R.App. P., we have searched the record for any error that may have adversely affected the appellant's substantial rights and have found none.
For the foregoing reasons, the appellant's conviction and sentence to death in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.