In 1987, the appellant, Timothy Powell, was convicted on both counts of an indictment charging him with the capital offenses of murder during the commission of a robbery, Ala. Code 1975, § 13A-5-40(a)(2), and murder during the commission of a burglary, § 13A-5-40(a)(4), in connection with the murder of Esther Herchenroeder. He was sentenced to death.
On direct appeal, this Court reversed his convictions and remanded the cause for a new trial based on the prosecution's discriminatory use of its peremptory challenges in violation ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), and Ex parte Branch, 526 So.2d 609 (Ala. 1987). Powellv. State, 548 So.2d 590 (Ala.Cr.App. 1988), affirmed,548 So.2d 605 (Ala. 1989).
In 1991, the appellant was retried, was found guilty on both counts of the indictment, and was once again sentenced to death. On this direct appeal from the appellant's second conviction, we have found plain error in the record. Therefore, we must reverse the appellant's convictions and sentence of death and again remand the cause for a new trial.
 I
During closing argument at the guilt phase, the assistant district attorney stated:
 "Another couple of questions that y'all were asked about [during voir dire examination] has to do with direct and circumstantial evidence. Y'all probably have gathered through listening to several days of testimony in this case that there were two people involved in the commission of this crime. The victim Esther Herchenroeder is dead. She cannot come in and testify.
 "The second person involved is the defendant Timothy Powell. There are no eyewitnesses to this crime. There were two people involved. So what do you have to look at if you don't have eyewitness testimony? You have got to go on circumstantial evidence." R. 1977.
There was no objection by the defense to this argument.[1] The lack of an objection, however, does not foreclose our review in this case. *Page 291 
 "[I]n a death penalty case, of course, a defendant's failure to raise a claim of error at trial does not preclude this Court from reviewing the record for 'plain error' and taking appropriate action whenever plain error appears. A.R.App.P., Rule 39(k); see Ex parte Waldrop, 459 So.2d 959 (Ala. 1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985).
 " 'Error' is 'plain error' only when it 'has or probably has adversely affected the substantial rights of the [defendant],' Rule [45A], A.R.App.P., and plain error is to be acted upon 'in the same manner as if the defendant's counsel had preserved and raised [the] error for appellate review.' Johnson v. State, 507 So.2d 1351, 1356
(Ala. 1986)."
Ex parte White, 587 So.2d 1236, 1237 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 979, 117 L.Ed.2d 142 (1992).
In this case, the prosecutor's comment adversely affected the appellant's substantial right not to be compelled to give evidence against himself. Ala. Const. Art. I, § 6. See Ala. Code 1975, § 12-21-220:
 "On the trial of all indictments or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel. If the district attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within 30 days from entry of the judgment."
"In a case where there has been a direct reference to a defendant's failure to testify and the trial court has not acted promptly to cure that comment, the conviction must be reversed." Ex parte Wilson, 571 So.2d 1251, 1261 (Ala. 1990). See also Ex parte Williams, 461 So.2d 852, 854 (Ala. 1984);Whitt v. State, 370 So.2d 736, 738-39 (Ala. 1979); Ex parteYarber, 375 So.2d 1231, 1234 (Ala. 1979). "Where the comment is an indirect, rather than a direct, comment on the defendant's failure to testify, the conviction must be reversed if there is a close identification of the defendant as the person who did not become a witness." Ex parte Purser, 607 So.2d 301, 304
(Ala. 1992) (citing Ex parte Wilson, 571 So.2d at 1261). InPurser, the accused was convicted of the murder of Mark Pollard and of the attempted murder of his estranged wife Karen Purser. The Alabama Supreme Court held that the following argument by the prosecutor constituted a comment on the accused's failure to testify:
 "It all hinges on Karen Purser. She's the only one out there at the Pine Bowl when it all happens, and she can tell you what happened. Well, excuse me. She's not the only one, other than Mark Pollard, who is no longer with us, and Allen Purser who is on trial for killing Mark Pollard and trying to kill Karen."
Ex parte Purser, 607 So.2d at 302. At oral argument, the State admitted that it could not distinguish the comment in this case from the one made in Purser.
The comment in this case is also similar to the argument made in Ephraim v. State, 627 So.2d 1102 (Ala.Cr.App. 1993), wherein the prosecutor stated:
 "Judge is going to tell you about circumstantial evidence and some of the evidence in this case is circumstantial evidence. It is circumstantial because the only people that know what happened out there that night are this man and two other men. So we don't have the direct evidence that we would have in some cases."
Ephraim v. State, 627 So.2d at 1106. Although this Court reversed Ephraim's conviction on other grounds, we noted that the argument "may well have been construed by the jury to be a reference to the appellant's failure to testify." Ephraim v.State, 627 So.2d at 1106.
In this case, the assistant district attorney named the two people who were present during the commission of the crime: the victim, who was dead and could not testify, and the appellant. By asking the jury, "So what do you have to look at if you don't have eyewitness testimony? You have got to go on circumstantial evidence," R. 1977, the prosecutor called the jury's attention to the fact that the appellant, the only eyewitness *Page 292 
who could have taken the stand, did not testify.
We cannot escape the conclusion that the prosecutor's statement "was manifestly intended to be, or was of such a character that the jury would naturally and necessarily take it to be, a comment on the failure of the accused to testify."Ex parte Wilson, 571 So.2d at 1261 (quoting Marsden v. Moore,847 F.2d 1536, 1547 (11th Cir.), cert. denied, 488 U.S. 983,109 S.Ct. 534, 102 L.Ed.2d 566 (1988)). For this error, the appellant is entitled to a new trial.
 II
The appellant's convictions on both counts of the capital murder indictment did not violate the double jeopardy prohibition against multiple punishments for the same offense.
Murder during a robbery, which was alleged in count one of the indictment, is not a lesser included offense of murder during a burglary, which was alleged in count two of the indictment, because under the test established inBlockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306 (1932), and recently reaffirmed by a plurality of the United States Supreme Court as the sole criterion for judging double jeopardy claims in United States v. Dixon, ___ U.S. ___,113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), each offense required proof of a statutory element that the other did not. The "appellant was properly indicted and convicted for two separate and distinct capital offenses 'notwithstanding a substantial overlap in the proof offered to establish the crimes,' Iannelliv. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293
n. 17, 43 L.Ed.2d 616 (1975)." Jackson v. State, 516 So.2d 726,763 (Ala.Cr.App. 1985), remanded on other grounds, 516 So.2d 768
(Ala. 1986).
 "[The defendant] was charged with and convicted of two counts of capital murder. . . . Both of the counts were based on the same act, the intentional killing of [the victim]. However, because each crime contains an element not contained in the other, there was no violation of the prohibition against double jeopardy. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306
(1932); Jackson v. State, 516 So.2d 726
(Ala.Crim.App. 1985). See also Ex parte Henderson, 583 So.2d 305 (Ala. 1991) (murder during a robbery and murder done for pecuniary gain)."
Ex parte Haney, 603 So.2d 412, 419 (Ala. 1992) (murder for hire and murder during a robbery), cert. denied, ___ U.S. ___,113 S.Ct. 1297, 122 L.Ed.2d 687 (1993). See also Merriweather v.State, 629 So.2d 77 (Ala.Cr.App. 1993) (murder during a burglary and murder during a robbery); Stewart v. State, [Ms. CR-90-415, October 23, 1992], 1992 WL 298129 (Ala.Cr.App. 1992) (on return to remand) (murder during a burglary and murder during a kidnapping), affirmed as to conviction, reversed as to sentence, [Ms. 1920509, September 3, 1993], 1993 WL 332698 (Ala. 1993).
The appellant was charged with murder during a burglary and murder during a robbery. The murder of Mrs. Herchenroeder was an element of both offenses, but each offense also required proof of an element that the other did not. Proof of the murder during a robbery count did not require proof that the appellant entered or remained unlawfully in Mrs. Herchenroeder's dwelling. Likewise, proof of the murder during a burglary count did not require proof that the appellant used force or the threat of force to take property from Mrs. Herchenroeder. The two counts of the indictment charged two separate offenses and the State's evidence at trial established that the appellant committed two separate offenses. Consequently, the fact that the appellant was convicted for both offenses does not run afoul of the Double Jeopardy Clause.
 III
The appellant's objection to testimony that at the time of his arrest there was a warrant outstanding against him for parole violation was untimely.[2] Because we must *Page 293 
reverse the appellant's convictions on other grounds, we need not decide whether the admission of that testimony constitutes plain error. However, we caution the State to refrain, at the guilt phase of any retrial, from referring to the warrant or to the appellant's previous record.
 IV
At the penalty phase, the prosecutor argued the existence of four statutory aggravating circumstances: (1) that the capital offense was committed while the appellant was "under sentence of imprisonment," Ala. Code 1975, § 13A-5-49(1); (2) that the appellant had previously been convicted of "a felony involving the use or threat of violence to the person," Ala. Code 1975, §13A-5-49(2); (3) that "[t]he capital offense was committed while the defendant was engaged . . . in the commission of . . . robbery [or] burglary," § 13A-5-49(4); and (4) that "[t]he capital offense was especially heinous, atrocious or cruel compared to other capital offenses," § 13A-5-49(8).
The appellant complains that the following portion of the prosecutor's closing argument at the sentencing phase urged the jury to find two aggravating circumstances from the single aggravating circumstance outlined in Ala. Code 1975, §13A-5-49(4) (that "[t]he capital offense was committed while the defendant was engaged . . . in the commission of . . . robbery [or] burglary") based on the fact that the jury had already determined that the appellant was guilty of two capital offenses:
 "The defense has now apparently agreed that the State has proven the aggravating circumstance of murder during a robbery and murder during a burglary. That's one circumstance. But I suggest you can give that additional weight because we proved both, robbery and a burglary. Don't wink at the law. That's what they want you to do and pretend like that's not there and say something about you have already considered it once. You have never considered his punishment. Now is the time to do that, and you can consider it." R. 2574-75.
In determining its advisory sentence, a jury is to weigh the aggravating and mitigating circumstances that it finds to exist. See §§ 13A-5-46(e)(2) and (3), 13A-5-48. Section13A-5-48 defines this weighing process as "a process by which circumstances relevant to sentence are marshalled and considered in an organized fashion for the purpose of determining whether the proper sentence in view of all relevant circumstances in an individual case is life imprisonment without parole or death." "The determination of whether the aggravating circumstances outweigh the mitigating circumstances and vice versa, is not a numerical one. . . . It is based on the gravity of the aggravating circumstances compared to that of the mitigating circumstances." Murry v. State, 455 So.2d 53,66 (Ala.Cr.App. 1983), reversed on other grounds, 455 So.2d 72
(Ala. 1984). Accord Owens v. State, 531 So.2d 2, 11-12
(Ala.Cr.App. 1986), remanded on other grounds, 531 So.2d 21
(Ala. 1987).
In the present case, the trial court clearly and correctly instructed the jury on the weighing process it was to employ in determining its advisory sentence. The prosecutor also referred to the weighing process in his argument and she did not at any time urge the jury simply to count the number of aggravating circumstances or exhort the jury to improperly findtwo aggravating circumstances based on the fact that the murder was committed during both a burglary and a robbery. Cf. Cook v.State, 369 So.2d 1251, 1256 (Ala. 1978) (aggravating circumstance of pecuniary gain should not be applied to murder during a robbery); Robertson v. State, 611 So.2d 1228, 1233
(Fla. 1993) ("it is improper to double the consideration of the aggravating circumstances of robbery and pecuniary gain when both aggravating circumstances referred 'to the same aspect of the defendant's crime' ") (emphasis added) (defendant convicted of first-degree murder, armed robbery, and armed burglary arising out of a single transaction); Green v. State,583 So.2d 647, 652 (Fla. 1991) (where aggravating circumstances that murder was committed during the commission of a robbery or *Page 294 
burglary and was committed for pecuniary gain "arose out of the same episode, these aggravating circumstances must be considered as a single aggravating factor"), cert. denied, ___ U.S. ___, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992); Willie v.State, 585 So.2d 660, 680-81 (Miss. 1991) (where defendant is convicted of murder during a robbery, the aggravating circumstances of murder during a robbery and murder for pecuniary gain (murder for hire) may not be used "as separate and independent aggravators" unless " 'both [are] clearly supported by the evidence").
Instead, the prosecutor merely argued that more weight could be accorded the aggravating circumstance of murder during a robbery or burglary because the State had proved that the murder occurred during both a robbery and a burglary. There was nothing improper about this argument. See Smith v. State,588 So.2d 561, 573-74 (Ala.Cr.App. 1991).
For the reasons set forth in Part I of this opinion, the judgment and sentence of the circuit are reversed. This cause is remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.
[1] At the conclusion of all the arguments, and before the trial judge instructed the jury, defense counsel objected to another
argument by the prosecutor, which he claimed amounted to a comment on the appellant's failure to testify, and moved for a mistrial, and, as an alternative, requested curative instructions. Defense counsel stated that although he could not quote the objectionable comment verbatim, the substance of the prosecutor's argument was that "there was nothing in the evidence that disproved that the shoeprint [found at the scene of the murder] was [the appellant's]." R. 2075. The court ruled that the shoeprint argument was not a comment on the appellant's failure to testify and declined to give curative instructions.
That ruling was correct because the appellant was not the only one who could have "disproved that the shoeprint was his," and the comment did not, therefore, "by an indirect reference, . . . virtually identify the defendant as the person who did not take the stand." Ex parte Williams, 461 So.2d 852, 854
(Ala. 1984). "[A] statement by a prosecuting attorney to the effect that the evidence for the state is uncontradicted or undenied is not a comment on the defendant's failure to testify unless the defendant himself is the only one who can contradict or deny the evidence." Williams v. State, 461 So.2d 834, 843
(Ala.Cr.App. 1983), reversed as to outcome, 461 So.2d 852
(Ala. 1984); Stain v. State, 494 So.2d 816, 817
(Ala.Cr.App. 1986).
In contrast to the foregoing discussion regarding the "shoeprint" argument, there was no objection or request for curative instructions for that portion of the prosecutor's argument quoted in the text of this opinion.
[2] To be timely, a motion for a mistrial must be made "immediately after the question or questions are asked that are the grounds made the basis of the motion for the mistrial." Exparte Marek, 556 So.2d 375, 379 (Ala. 1989). The motion is untimely if it is not made until the conclusion of the witness's testimony. Menefee v. State, 592 So.2d 642
(Ala.Cr.App. 1991); Robinson v. State, 584 So.2d 533
(Ala.Cr.App.), cert. quashed, 584 So.2d 542 (Ala. 1991).