BASCHAB, Presiding Judge.
 

 The appellee, Kenneth Wayne Haynes, was indicted for second-degree unlawful manufacture of a controlled substance (methamphetamine), a violation of § 13A-12-217(a)(2), Ala.Code 1975, in case number CC-05-379; unlawful possession of a controlled substance (methamphetamine), a violation of § 13A-12-212, Ala.Code 1975, in case number CC-05-456; and unlawful possession of a precursor chemical (pseudoephedrine), a violation of § 20-2-190(b), Ala.Code 1975, in ease number CC-05-457. He filed a pretrial motion to dismiss the indictments against him. After conducting a hearing, the circuit court denied the appellee’s motion to dismiss the indictment charging him with unlawful possession of a controlled substance in case number CC-05-456, but granted the appellee’s motion to dismiss the indictments charging him with unlawful manufacture of a controlled substance in case number CC-05-379 and unlawful possession of a precursor chemical in case number CC-05-457. This appeal followed.
 

 The State argues that the circuit court erroneously dismissed the indictments charging the appellee with second-degree unlawful manufacture of a controlled substance and unlawful possession of a precursor chemical. In his motion to dismiss, the appellee argued that he had previously pled guilty to unlawful possession of drug paraphernalia in the Centre Municipal Court; that the complaint in the Centre Municipal Court indicated that, among other things, he had possessed thirteen boxes of pseudoephedrine; that the same thirteen boxes of pseudoephedrine formed the basis for the second-degree unlawful manufacture of a controlled substance and unlawful possession of a precursor chemical charges; and that his prosecution for second-degree unlawful manufacture of a controlled substance and unlawful possession of a precursor chemical was barred by double jeopardy principles.
 

 The complaint in the Centre Municipal Court alleged that the appellee
 

 “did unlawfully possess paraphernalia to wit: 13 boxes of Sudafed, 1-glass tube with residue, 1-set scales, 1-elear plastic
 
 *274
 
 bag with residue, used for unlawfully (smoking or injecting) a controlled substance, contrary to the provision of the Alabama Uniform Controlled Substances Act, 13A-12-260 of the Code of Alabama, against the peace and dignity of the State [of] AIabama[ ] in violation of Ordinance number 210 which embraces Section 13A-12-260 Code of Alabama 1975, previously adopted, effective and in force at the time the offense was committed.”
 

 (S.C.R. 224.) The indictment in case number CC-05-379 alleged that the appellee
 

 “did commit the offense of Unlawful Manufacture of a Controlled Substance in the Second Degree, by possessing precursor substances, in any amount, with the intent to unlawfully manufacture a controlled substance, to-wit: methamphetamine, in violation of Section 13A-12-217 of the Code of Alabama, contrary to law and against the peace and dignity of the State of Alabama.”
 

 (S.C.R. 16.) Finally, the indictment in case number CC-05-457 alleged that the appellee
 

 “did possess, sell, transfer, or otherwise furnish a listed precursor chemical, to-wit: pseudoephedrine, with the knowledge or intent that the substance would be used in the unlawful manufacture of a controlled substance, to wit: methamphetamine, in violation of Section 20-2-190(b) of the Code of Alabama, contrary to law and against the peace and dignity of the State of Alabama.”
 

 (C.R. 1.)
 

 In its order dismissing the indictments, the circuit court found as follows:
 

 “The Defendant has moved to dismiss these three felony charges on grounds that they are barred from prosecution under the doctrine of former jeopardy.
 

 “The Fifth Amendment of the United States Constitution states that no person, ‘shall be subject for the same offense to be twice put in jeopardy ....' The Plaintiff contends, therefore, that his municipal conviction for Unlawful Possession Of Drug Paraphernalia (UPDP) precludes a subsequent circuit court conviction for Unlawful Manufacture Of A Controlled Substance (UMC-SII) in case CC-2005-379, Unlawful Possession Of A Controlled Substance (UPOCS) in CC-2005-456, and Unlawful Possession Of Precursor Chemicals (UPPC) in CC-2005-457.
 

 “The UPDP charge to which the Defendant pled guilty in municipal court states that the Defendant was in possession of drug paraphernalia, including 13 boxes of Sudafed.’ It has been since determined that the 13 boxes possessed by the Defendant were not 13 boxes of Sudafed’ as charged, but were 13 boxes of pills: containing pseudoephedrine’ as explained in the affidavit of the prosecuting witness filed February 8, 2007. Drug paraphernalia is defined by Title 13A-12-260 Code of Alabama 1975 to include ‘products and materials of any kind which are used or intended for use ... in producing ... a controlled substance.’ The 13 boxes of pills containing pseudoephedrine clearly constitute drug paraphernalia as that term is defined by this statute.
 

 “In the felony charge for the unlawful possession of precursor chemicals (CC-2005-457) the Defendant is charged with possession of pseudoephedrine with the knowledge or intent that it would be used to manufacture methamphetamine. Methamphetamine is a controlled substance.
 

 “The Defendant’s plea of guilty to the misdemeanor offense of UPDP bars his subsequent prosecution for the felony
 

 
 *275
 
 offense of UPDP in case CC-2005-457 under the facts of this case.
 

 “In the felony charge for the unlawful manufacture of a controlled substance (CC-2005-379) the Defendant is charged with the possession of pseudoephedrine with intent to manufacture methamphetamine.
 

 “The Defendant’s plea of guilty to the misdemeanor offense of UPDP bars his subsequent prosecution for the felony offense of UMCSII in case CC-2005-379, under the facts of this case.
 

 “In the felony charge for the unlawful possession of a controlled substance (CC-2005-456) the Defendant is charged with the unlawful possession of methamphetamine. The Defendant argues that because there was methamphetamine residue on a glass pipe of which he had possession at the time of his arrest, and that because the glass pipe is drug paraphernalia for which he entered a plea of güilty in municipal court, he cannot be prosecuted for the felony offense of UPOCS. The elements of the misdemeanor of UPDP do not bar the Defendant’s prosecution for the felony offense of UPOCS in case CC-2005-456 under the facts of this case.
 

 “On the basis of the findings of this Court, whether set out herein, or not it is ORDERED as follows:
 

 “1. Case CC-2005-457 charging Unlawful Possession of Precursor Drugs is hereby DISMISSED.
 

 “2. Case CC-2005-379 charging Unlawful Manufacture of a Controlled Substance, Second Degree, is hereby DISMISSED.
 

 “3. The Defendant’s Motion To Dismiss CC-2005-456 charging Unlawful Possession of a Controlled Substance is DENIED.”
 

 (C.R. 148-50.) The Alabama Supreme Court has stated:
 

 “ ‘[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.’
 
 United States v. Halper,
 
 490 U.S. 435, 440 (1989), overruled on other grounds,
 
 Hudson v. United States,
 
 522 U.S. 93 (1997)....
 

 “The test for determining whether two offenses are the same for double-jeopardy purposes was established in
 
 Blockburger v. United States,
 
 284 U.S. 299 (1932). ‘The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.’
 
 Bloekburger,
 
 284 U.S. at 304.
 

 “This Court applied
 
 Blockburger
 
 in
 
 Ex parte Haney,
 
 603 So.2d 412 (Ala. 1992), in holding that the two convictions against Haney did not violate her protection against double jeopardy. Haney was convicted of two counts of capital murder: murder for hire, § 13A-5-40(a)(7), Ala.Code 1975, and murder committed during the course of a robbery, § 13A-5-40(a)(2), Ala.Code 1975. Both counts were based on the killing of one victim — her husband. This Court held that, ‘because each crime contains an element not contained in the other, there was no violation of the prohibition against double jeopardy.’
 
 Haney,
 
 603 So.2d at 419 (citing Blockburger).
 

 “Likewise, in
 
 Ex parte Peraita,
 
 897 So.2d 1227 (Ala.2004), this Court decided an issue concerning two capital-murder convictions. In that case, the defendant argued that his two capital-murder convictions for the death of one victim vio
 
 *276
 
 lated the
 
 Blockburger
 
 test. In Count I the defendant was charged with murder made capital because the murder was committed while he was under a sentence of life imprisonment, § 13A-5-40(a)(6), and in Count II he was charged with murder made capital because the murder was committed by a defendant who had been convicted of another murder in the 20 years preceding the crime, § 13A-5-40(a)(13). He was convicted on both counts. On appeal, this Court held that the two capital-murder convictions were for separate offenses and did not violate
 
 Blockburger.
 

 “In numerous cases, the Court of Criminal Appeals has also held that two capital-murder convictions resulting from the death of one victim do not violate the
 
 Blockburger
 
 test because of the requirement of different elements in the two crimes.
 
 See Powell v. State,
 
 631 So.2d 289 (Ala.Crim.App.1993) (two convictions for capital murder of one victim because murder occurred during the course of a robbery and during the course of a burglary did not violate double-jeopardy principles because each offense contained an element not present in the other);
 
 Flowers v. State,
 
 922 So.2d 938 (Ala.Crim.App.2005) (two convictions for capital murder of one victim because murder occurred during a robbery and during a kidnapping did not violate double-jeopardy principles);
 
 Jackson v. State,
 
 516 So.2d 726 (Ala. Crim.App.1985) (convictions for murder made capital because it was committed during the course of a robbery and during one or a series of acts, when the crimes were based on the death of one of the same victims, did not violate double-jeopardy principles);
 
 Stewart v. State,
 
 601 So.2d 491 (Ala.Crim.App. 1992), overruled on other grounds,
 
 Ex parte Gentry,
 
 689 So.2d 916 (Ala.1996) (two convictions for capital murder, based on one murder, because murder was committed during the course of a robbery and during the course of a kidnapping passed the
 
 Blockburger
 
 test).
 

 “The Court of Criminal Appeals also applied the
 
 Blockburger
 
 test in
 
 Borden v. State,
 
 711 So.2d 498 (Ala.Crim.App. 1997), affirmed, 711 So.2d 506 (Ala.1998). In
 
 Borden,
 
 the defendant was charged with two counts of murder: Count I, capital murder wherein two or more persons are murdered by one act or pursuant to one course of conduct, § 13A-5-40(a)(10), and Count II, capital murder committed by using a deadly weapon fired from outside a dwelling while the victim was inside the dwelling, § 13A-5-40(a)(16). The jury returned verdicts finding the defendant guilty of capital murder as charged in Count I and guilty of the lesser-included offense of intentional murder as to Count II.
 

 “In a footnote, the Court of Criminal Appeals discussed the application of
 
 Blockburger
 
 to the facts in
 
 Borden:
 

 “
 
 ‘Here, Count I and Count II of the indictment were based partly on the same act: the intentional killing of Roland Harris. However, each count charged a crime containing a statutory element not contained in the other. In this case, each capital offense charged required proof of an element that the other did not. Proof of the double murder charge in Count I required proof of more than one murder and proof that the multiple murders were committed by one act or pursuant to one scheme or course of conduct, which the firing-a-deadly-weapon-into-a-dwelling murder charge in Count II did not require. Proof of the firing-a-deadly-weapon-into-a-dwelling murder charge required proof that the defendant murdered the victim by firing a deadly weapon
 
 *277
 
 from outside a dwelling while the victim was inside a dwelling, which the double murder charge did not require. Under the
 
 Blockbwrger
 
 test, the appellant could properly be indicted and convicted for two separate and distinct capital offenses “notwithstanding a substantial overlap in the proof offered to establish the crimes.” The indictment was not multiplicitous and the separate counts, as alleged in the indictment, did not facially violate the Double Jeopardy clause.’
 

 “Borden,
 
 711 So.2d at 501-02 n. 2 (citations omitted).
 

 “The Court of Criminal Appeals held, though, that ‘[although the indictment returned against the appellant was facially valid, we find that the trial court was without jurisdiction to adjudge the appellant guilty of both capital murder for the double murder [of the victims] ... and guilty of the intentional murder [with regard to one of the victims].’
 
 Borden,
 
 711 So.2d at 502. The court based its reasoning on § 13A-l-8(b), Ala.Code 1975, which provides, in pertinent part, as follows:
 

 “ ‘When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 

 “ ‘(1) One offense is included in the other, as defined in section 13A-1-9
 

 “Section 13A-l-9(a)(l), provides:
 

 “ ‘A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 

 “ ‘(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged .... ’
 

 “In other words, § 13A-l-8(b) does not bar multiple convictions when a single criminal act results in multiple offenses, except, for example, under § 13A-1-9, where one offense is a lesser-included offense of the other.”
 

 Heard v. State,
 
 999 So.2d 992, 1006-09 (Ala.2007).
 

 A.
 

 Initially, we must determine whether, pursuant to
 
 Blockbwrger,
 
 unlawful possession of drug paraphernalia constitutes the same offense as second-degree unlawful manufacture of a controlled substance and unlawful possession of a precursor chemical.
 

 With regard to unlawful possession of drug paraphernalia, § 13A-12-260(c), Ala. Code 1975, provides, in pertinent part:
 

 “It shall be unlawful for any person to use, or to possess with intent to use, or to use to inject, ingest, inhale or otherwise introduce into the human body, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain or conceal a controlled substance in violation of the controlled substances laws of this state. Any person who violates this subsection is guilty of a class A misdemeanor and upon conviction shall be punished as prescribed by law.”
 

 With regard to second-degree unlawful manufacture of a controlled substance, § 13A-12-217(a), Ala.Code 1975, provides:
 

 “A person commits the crime of unlawful manufacture of a controlled substance in the second degree if, except as otherwise authorized in state or federal law, he or she does any of the following:
 

 
 *278
 
 “(2) Possesses precursor substances as determined in Section. 20-2-181, in any amount with the intent to unlawfully manufacture a controlled substance.”
 

 With regard to unlawful possession of a precursor chemical, § 20-2-190(b), Ala. Code 1975, provides:
 

 “Notwithstanding the provisions of Section 20-2-188, a person who possesses, sells, transfers, or otherwise furnishes a listed precursor chemical or a product containing a precursor chemical commits an offense if the person possesses, sells, transfers, or furnishes the substance with the knowledge or intent that the substance will be used in the unlawful manufacture of a controlled substance. An offense under this subsection shall constitute a Class B felony.”
 

 Finally, pseudoephedrine is a listed precursor chemical.
 
 See
 
 § 20-2-181(d)(15), Ala.Code 1975.
 

 To prove second-degree unlawful manufacture of a controlled substance pursuant to § 13A-12-217(a)(2), Ala.Code 1975, and to prove unlawful possession of a precursor chemical pursuant to § 20-2-190(b), Ala.Code 1975, the State must prove that the appellee actually or constructively possessed a precursor chemical listed in § 20-2-181, Ala.Code 1975. However, unlawful possession of drug paraphernalia does not require proof that the appellee possessed a precursor chemical. To prove the offense of unlawful possession of drug paraphernalia, the State must prove that the appellee possessed drug paraphernalia as defined by § 13A-12-260(a), Ala.Code 1975. Neither second-degree unlawful manufacture of a controlled substance nor unlawful possession of a precursor chemical requires such proof. Because the offenses require proof of an additional element, unlawful possession of drug paraphernalia does not constitute the same offense as second-degree unlawful manufacture of a controlled substance or unlawful possession of a precursor chemical.
 

 B.
 

 Next, we must determine whether unlawful possession of drug paraphernalia constitutes a lesser included offense of either second-degree unlawful manufacture of a controlled substance or unlawful possession of a precursor chemical.
 

 “An offense is an included one if:
 

 “(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.... ”
 

 § 13A-l-9(a), Ala.Code 1975.
 

 To determine whether the offense of unlawful possession of drug paraphernalia would be established by proof of the same or fewer facts as the offense of second-degree unlawful manufacture of a controlled substance and unlawful possession of a precursor chemical, we must first look at what constitutes drug paraphernalia. Drug paraphernalia is defined as
 

 “all equipment, products, and materials of any kind which are used, intended for use, or designed for use, in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of the controlled substances laws of this state. It includes but is not limited to:
 

 “(1) Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived;
 

 
 *279
 
 “(2) Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances;
 

 “(3) Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance;
 

 “(4) Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of controlled substances;
 

 “(5) Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances;
 

 “(6) Dilutants and adulterants, such as quinine hydrochloride, mannitol, man-nite, dextrose and lactose, used, intended for use, or designed for use in cutting controlled substances;
 

 “(7) Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, marihuana;
 

 “(8) Blenders, bowls, containers, spoons and mixing devices used, intended for use, or designed for use in compounding controlled substances;
 

 “(9) Capsules, balloons, envelopes and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances;
 

 “(10) Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances;
 

 “(11) Hypodermic syringes, needles and other objects used, intended for use, or designed for use in internally injecting controlled substances into the human body;
 

 “(12) Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing marihuana, tetrahydro cannabinols, cocaine, hashish, or hashish oil into the human body, such as:
 

 “a. Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls;
 

 “b. Water pipes;
 

 “c. Carburetion tubes and devices; “d. Smoking and carburetion masks;
 

 “e. Roach clips: meaning objects used to hold burning material, such as a marihuana cigarette, that has become too small or too short to be held in the hand;
 

 “f. Miniature cocaine spoons, and cocaine vials;
 

 “g. Chamber pipes;
 

 “h. Carburetor pipes;
 

 “i. Electric pipes;
 

 “j. Air-driven pipes;
 

 “k. Chillums;
 

 “l.
 
 Bongs;
 

 “m. Ice pipes or chillers.”
 

 § 13A-12-260(a), Ala.Code 1975. Thus, we must determine whether the legislature intended for the term “drug paraphernalia” to include a precursor chemical.
 

 “1 “This Court has held that the fundamental rule of statutory construction is to ascertain and give effect to the intent of the Legislature in enacting a statute.
 
 IMED Corp. v. Systems Engineering Assocs. Corp.,
 
 602 So.2d 344, 346 (Ala.1992). If possible, a court should gather the legislative intent from the language of the statute itself.
 
 Advertiser Co. v. Hobbie,
 
 474 So.2d 93 (Ala.1985).” ’
 

 
 *280
 

 “Jefferson County v. Acker,
 
 885 So.2d 739, 742-43 (Ala.2003) (quoting
 
 Norfolk Southern Ry. v. Johnson,
 
 740 So.2d 392, 396 (Ala.1999)). In construing statutes, this Court does not interpret provisions in isolation, but considers them in the context of the entire statutory scheme.
 
 Siegelman v. Alabama Ass’n of School
 
 Bds., 819 So.2d 568, 582 (Ala.2001). Moreover, in ascertaining legislative intent, we must look to the entire act instead of isolated phrases or clauses.
 
 Lambert v. Wilcox County Comm’n,
 
 623 So.2d 727, 729 (Ala.1993).”
 

 Pope v. Gordon,
 
 922 So.2d 893, 897 (Ala. 2005).
 

 Section 13A-12-260(a), Ala.Code 1975, sets out a nonexclusive list of items that constitute drug paraphernalia. That list includes
 
 items
 
 that are used to assist in the process of manufacturing a controlled substance. However, it does not include any references to
 
 substances or chemicals
 
 that are necessary to create the controlled substance. If this court were to construe the term “drag paraphernalia” to include substances or chemicals that are necessary to create or produce a controlled substance, it would also make second-degree unlawful manufacture of a controlled substance pursuant to § 13A-12-217(a)(2), Ala.Code 1975, and unlawful possession of precursor chemicals pursuant to § 20-2-190(b), Ala.Code 1975, redundant and unnecessary. Also, it would make the
 
 same conduct
 
 both a misdemeanor and a felony. When reading the definition of drug paraphernalia in context with the list of items that constitute drug paraphernalia and when reading it with the other statutory provisions governing manufacturing a controlled substance and precursor chemicals, it is apparent that the legislature did not intend for the substances or chemicals necessary to create the controlled substance to be included in the term “drug paraphernalia.”
 

 Because the precursor chemical pseu-doephedrine would not constitute drug paraphernalia, the facts necessary to prove unlawful possession of drug paraphernalia would not necessarily be established by the same or fewer than all of the facts necessary to establish the offenses of second-degree unlawful manufacture of a controlled substance and unlawful possession of a precursor chemical. Therefore, unlawful possession of drug paraphernalia would not constitute a lesser included offense of second-degree unlawful manufacture of a controlled substance or unlawful possession of a precursor chemical.
 

 For these reasons, double jeopardy principles did not bar the appellee’s prosecution for second-degree unlawful manufacture of a controlled substance pursuant to § 13A-12-217(a)(2), Ala.Code 1975, or unlawful possession of a precursor chemical pursuant to § 20-2-190(b), Ala.Code 1975. Therefore, the circuit court improperly dismissed the indictments charging the ap-pellee with second-degree unlawful manufacture of a controlled substance in case number CC-CC-05-379 and unlawful possession of a precursor chemical in case number CC-05-457. Accordingly, we reverse that court’s judgment and remand this case for proceedings that are consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 McMILLAN, SHAW, WISE, and WELCH, JJ., concur.