# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00482-COA

| | |
|---|---|
| **CHRISTOPHER B. EPPS AND CATHERLEAN EPPS** | **APPELLANTS** |

**v.**

| | |
|---|---|
| **HERB FRIERSON, IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF REVENUE OF THE MISSISSIPPI DEPARTMENT OF REVENUE** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 02/19/2019 |
| TRIAL JUDGE: | HON. TIFFANY PIAZZA GROVE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | JAMES GARY McGEE JR. |
| ATTORNEYS FOR APPELLEE: | MATTHEW TIMMONS HENRY BRIDGETTE TRENETTE THOMAS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/19/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., TINDELL AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    The issue on appeal is whether the Hinds County Chancery Court had jurisdiction over Christopher and Catherlean Epps's appeal from a decision of the Board of Tax Appeals (BTA). The chancery court dismissed the appeal based on a lack of jurisdiction pursuant to Mississippi Code Annotated section 27-77-7 (Rev. 2010). The Eppses appealed. Finding no error, we affirm the chancery court's dismissal.

**FACTS**

¶2.     Christopher Epps (Chris) was the Commissioner of the Mississippi Department of Corrections from 2002 to 2014.  After resigning from his position on November 5, 2014, he was indicted on charges of accepting bribes and kickbacks in exchange for contracts and illicit activity with various corrections facilities.

¶3.     Based on the information in the indictment and other public records, the Mississippi Department of Revenue (MDOR) conducted an audit for Chris's and his wife Catherlean's 2007-2014 tax periods.  As a result of the audit, the MDOR determined that the Eppses owed $69,489 in individual income tax for the periods of January 1, 2008, through December 31, 2013.  The MDOR subsequently issued its assessment to the Eppses by a letter dated October 23, 2017.

¶4.     The Eppses appealed the individual income tax assessment to the MDOR's Board of Review (Review Board) pursuant to Mississippi Code Annotated section 27-77-5 (Rev. 2010).  On January 4, 2018, the Review Board upheld the assessment.

¶5.     On March 27, 2018, the Eppses appealed the Review Board's decision to the BTA pursuant to section 27-77-5.  Following a hearing on August 15, 2018, the BTA affirmed the assessment.  The BTA issued the order to the Eppses on September 18, 2018, and mailed the order on September 20, 2018.  The BTA order contained a certificate of mailing that stated, "[T]his order shall be final unless Christopher and Catherlean Epps or the Department of Revenue shall within sixty (60) days from the date of the mailing of this order file a petition in Chancery Court requesting a hearing pursuant to [section] 27-77-7."

¶6.    On November 20, 2018, the Eppses filed a petition in the Hinds County Chancery Court, appealing from the BTA's order. On December 14, 2018, the MDOR filed a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6), stating that the chancery court lacked jurisdiction because the Eppses filed their petition one day after the statutory sixty-day period provided in section 27-77-7.

¶7.    The Eppses filed a response on January 11, 2019, arguing that the effective due date to respond to the order issued by the BTA was November 22, 2018, pursuant to the provisions of Mississippi Code Annotated section 25-43-1.106(3)(b) (Rev. 2010). The MDOR filed its reply on February 5, 2019, arguing that the provisions of section 25-43-1.106(3)(b) did not apply in this case.

¶8.    On February 12, 2019, the court held a hearing on the MDOR's motion to dismiss. Ultimately, the chancery court ruled that section 27-77-7 controlled, and therefore the chancery court lacked jurisdiction because the Eppses filed their petition outside of the sixty-day deadline. The chancery court accordingly granted the MDOR's motion to dismiss. Aggrieved, the Eppses appealed.

## ANALYSIS

¶9.    The Eppses argue that the chancery court erred in applying Mississippi Code Annotated section 27-77-7 instead of Mississippi Code Annotated section 25-43-1.106(3)(b), which resulted in the dismissal of their petition. Appellate courts review a trial court's grant of a motion to dismiss de novo. *Southside Inc. v. Miss. Dep't of Revenue ex rel. Morgan*, 158

So. 3d 277, 278 (¶4) (Miss. 2014).

¶10.    Chancery courts must have both subject matter jurisdiction and appellate jurisdiction to consider an appeal from a BTA order. *Khurana v. Miss. Dep't of Revenue*, 85 So. 3d 851, 855 (¶11) (Miss. 2012). Mississippi Code Annotated section 27-77-7(1) outlines the procedure for aggrieved taxpayers seeking appellate review in chancery court:

> The findings and order of the Board of Tax Appeals entered under Section 27-77-5 shall be final unless the agency or the taxpayer shall, **within sixty (60) days from the date the Board of Tax Appeals mailed the order**, file a **petition in the chancery court** appealing the order.

(Emphasis added). In *Southside Inc.*, 158 So. 3d at 280 (¶12), the Mississippi Supreme Court stated that this Section's sixty-day period begins to run on the "day of the act" pursuant to Mississippi Code Annotated section 1-3-67 (Rev. 2005). Here, the "day of the act" was September 20, 2018—the day the BTA mailed the order. Neither party disputes that the Eppses filed their petition sixty-one days after the BTA mailed the order.

¶11.    The Mississippi Supreme Court has held that "the chancery court is without appellate jurisdiction over an appeal filed under Mississippi Code Section 27-77-7 that is not in full compliance with the statutory requirements." *Southside Inc.*, 158 So. 3d at 279 (¶6) (quoting *Khurana* 85 So. 3d at 855 (¶11)). Because the Eppses failed to perfect their appeal within the sixty-day time period, we find that the chancery court lacked appellate jurisdiction.

¶12.    The Eppses argue that because they received the BTA's order by mail, they were owed an additional three days to perfect their appeal pursuant to Mississippi Code Annotated section 25-43-1.106(3)(b). Subsection (3)(b) states:

4

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice, order, pleading, motion or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period.

The Eppses' reliance on this subsection is misplaced because it applies to filings within *agencies*, not *courts*. Section 25-43-1.103(1) (Rev. 2005) states that "[t]his chapter applies to **all agencies** and **all proceedings** not expressly exempted from this chapter." (Emphasis added). Further, Mississippi Code Annotated section 25-43-1.102(c) (Rev. 2005) provides:

> Agency proceeding or "proceeding" means the process by which an agency considers:
> (i) A declaratory opinion pursuant to Section 25-43-2.103, or
> (ii) A rule pursuant to Article III of this chapter.

The Eppses' petition did not involve either of the proceedings listed above. Rather, their petition involved an appeal from a BTA order to the chancery court, which is specifically governed by section 27-77-7. That section mandates the appeal is perfected when a "petition" is "filed" with the "chancery court." Miss. Code Ann. § 27-77-7. As stated in *Southside Inc.*, section 27-77-7 clearly indicates the time for filing the appeal is within the sixty-day time frame without any extension for mailing. *Southside Inc.*, 158 So. 3d at 279 (¶12). Therefore, the Eppses' argument is without merit.

¶13.    After review, we find that the chancery court lacked appellate jurisdiction because the Eppses failed to perfect their appeal within the required sixty-day period provided in section 27-77-7. Accordingly, we affirm the chancery court's dismissal.

¶14.    **AFFIRMED.**

5

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McCARTY AND C. WILSON, JJ., CONCUR. McDONALD, J., NOT PARTICIPATING.**